BALTODANO & BALTODANO LLP
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Phone: (805) 322-3412
Fax:    (805) 322-3413

BOREN, OSHER & LUFTMAN LLP
Stephen Z. Boren (SBN 192024)
Email: sboren@bollaw.com
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Tel: (323) 937-9900
Fax: (323) 937-9910
Attorneys for Plaintiff, the Classes
and aggrieved employees

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICK A. DAVILA, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>OCB RESTAURANT COMPANY, LLC, a Minnesota Limited Liability Company; BUFFETS, INC., a Minnesota Corporation; HOMETOWN BUFFET, INC., a Minnesota Corporation; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO. CV13-05403 PA (JCGx)<br>Assigned to Hon. Judge Percy Anderson<br><br>**DECLARATION OF HERNALDO J. BALTODANO IN SUPPORT OF NOTICE OF SETTLEMENT AND REQUEST TO VACATE DATES**<br><br>Place: Courtroom 15<br>Judge: Hon. Percy Anderson<br><br>Date of Removal:  July 26, 2013<br><br>Jury Trial Date:     June 17, 2014 |

1

BALTODANO DECLARATION ISO NOTICE OF SETTLEMENT AND REQUEST TO VACATES DATES

I, HERNALDO J. BALTODANO, declare as follows:

1.     I am a partner at the law firm of Baltodano & Baltodano LLP, and co-lead counsel for the named Plaintiff Patrick A. Davila ("Plaintiff") and the proposed Settlement Class in the above-captioned matter.  I am a member in good standing of the bar of the State of California and am admitted to practice in this Court.  I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon to do so.  I submit this declaration in response to the Court's order dated December 3, 2013 (*see* Docket Entry No. 26) and in support of the Notice of Settlement and Request to Vacate Dates. *See* Docket Entry No. 25.

2.     All of the terms of the parties' class action settlement agreement are set forth in the fully executed JOINT STIPULATION RE:  CLASS ACTION SETTLEMENT AND RELEASE ("Settlement Agreement"), a true and correct copy which is attached hereto as Exhibit 1.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on December 13, 2013, at San Luis Obispo, California.

_____
Hernaldo J. Baltodano

BALTODANO DECLARATION ISO NOTICE OF SETTLEMENT AND REQUEST TO VACATES DATES

# Exhibit 1

1   VINCE M. VERDE, State Bar No. 202472
    vince.verde@ogletreedeakins.com
2   ALLISON C. ECKSTROM, State Bar No. 217255
    allison.eckstrom@ogletreedeakins.com
3   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    695 Town Center Drive, Suite 1500
4   Costa Mesa, CA  92626
    Telephone:  714.800.7900
5   Facsimile:   714.754.1298

6   Attorneys for Defendants

7   BALTODANO & BALTODANO LLP
    Hernaldo J. Baltodano, State Bar No. 222286
8   Email: hjb@bbemploymentlaw.com
    1411 Marsh Street, Suite 102
9   San Luis Obispo, California 93401
    Phone: (805) 322-3412
10  Fax:    (805) 322-3413

11  BOREN, OSHER & LUFTMAN LLP
    Stephen Z. Boren, State Bar No. 192024
12  Email: sboren@bollaw.com
    Paul K. Haines, State Bar No. 248226
13  Email: phaines@bollaw.com
    5900 Wilshire Blvd., Suite 920
14  Los Angeles, California 90036
    Tel: (323) 937-9900
15  Fax: (323) 937-9910

16  Attorneys for Plaintiff and the Class

17

18                  UNITED STATES DISTRICT COURT

19      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

20

21  PATRICK A. DAVILA, as an            Case No. CV13-05403 PA (JCGx)
    individual and on behalf of all others
22  similarly situated,                 Assigned to:  Judge Percy Anderson and
                                         Magistrate Judge Jay C. Gandhi
23            Plaintiff,
                                         **JOINT STIPULATION RE:  CLASS**
24       vs.                             **ACTION SETTLEMENT AND**
                                         **RELEASE**
25  OCB RESTAURANT COMPANY,
    LLC., a Minnesota Limited Liability
26  Company; BUFFETS, INC., a
    Minnesota Corporation; HOMETOWN
27  BUFFET, INC., a Minnesota
    Corporation; and DOES 1 through 10,
28
              Defendants.

                                                       Case No. CV13-05403

## STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

IT IS HEREBY STIPULATED, by and among Plaintiff Patrick A. Davila, on behalf of himself and the Settlement Class Members, on the one hand, and Defendants OCB Restaurant Company, LLC, Buffets, Inc., and Hometown Buffet, Inc., on the other hand, and subject to the approval of the Court, that the above-captioned Action is hereby being compromised and settled pursuant to the terms and conditions set forth herein (the "Stipulation" or "Agreement").

1. **DEFINITIONS**

Unless otherwise defined herein, capitalized terms used in this Agreement shall have the meanings set forth below:

1.1　"Action" means *Patrick A. Davila, as an individual and on behalf of all others similarly situated, Plaintiff v. OCB Restaurant Company, LLC, Buffets, Inc., Hometown Buffet, Inc., and DOES 1 through 10, inclusive, Defendants*, which is currently pending before the Honorable Percy Anderson in the United States District Court for the Central District of California, Case No. CV13-05403 PA (JCGx).

1.2　"Claim Form" means the Claim Form to be submitted by Settlement Class Members who wish to receive a portion of the Net Settlement Amount (substantially in the form attached hereto as Exhibit B).

1.3　"Class Counsel" means Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines of Boren, Osher & Luftman LLP.

1.4　"Class Counsel Award" means attorneys' fees for Class Counsel's litigation and resolution of this Action not to exceed One Hundred Seventy Five Thousand U.S. Dollars ($175,000). The Court shall determine the amount of the Class Counsel Award and it shall be paid from the Maximum Settlement Fund. Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall be part of the Net Settlement Fund and be distributed to Settlement Class Members as provided in this Agreement.

1         1.5   "Class Counsel Costs" means expenses and costs incurred by Class

2    Counsel for Class Counsel's litigation and resolution of this Action not to exceed

3    Fifteen Thousand U.S. Dollars ($15,000).  The Court shall determine the amount

4    of the Class Counsel Costs, and it shall be paid from the Maximum Settlement

5    Fund.  Any portion of the requested Class Counsel Costs that is not awarded to

6    Class Counsel shall be part of the Net Settlement Fund and be distributed to

7    Settlement Class Members as provided in this Agreement.

8         1.6   "Class Information" means information regarding Settlement Class

9    Members that Defendants will in good faith compile from their records and

10   provide to the Settlement Administrator.  Class Information shall be provided as a

11   Microsoft Excel spreadsheet and shall include:  each Settlement Class Member's

12   full name; last known address; last known home telephone number; Social Security

13   Number; start date of employment; end date of employment; and Compensable

14   Workweeks.  The Class Information shall also include the sum of all Compensable

15   Workweeks for the Settlement Class.  Because Social Security Numbers are

16   included in the Class Information, the Settlement Administrator shall maintain the

17   Class Information in confidence; access shall be limited to those with a need to use

18   the Class Information as part of the administration of the Settlement.

19        1.7   "Class Period" means the period from July 19, 2012 through and

20   including the Preliminary Approval Date.

21        1.8   "Class Representative Enhancement Award" means the amount that

22   the Court authorizes to be paid to Plaintiff, not to exceed Five Thousand U.S.

23   Dollars ($5,000), in addition to his Individual Settlement Payment, in recognition

24   of his efforts and risks in assisting with the prosecution of the Action and as

25   consideration for executing this Stipulation and release of his claims against

26   Defendants.

27        1.9   "Compensable Workweeks" means the number of weeks worked by

28   Settlement Class Members during the Class Period according to Defendants'

payroll records, or as otherwise agreed to by Defendants. A workweek shall only be counted as "worked" if the Settlement Class Member worked and was present during at least one shift during that calendar week.

1.10 "Court" shall mean the United States District Court for the Central District of California.

1.11 "Defendants" collectively means OCB Restaurant Company, LLC, Buffets, Inc., and Hometown Buffet, Inc.

1.12 "Defense Counsel" or "Counsel for Defendant" shall mean Ogletree, Deakins, Nash, Smoak & Stewart, 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

1.13 "Effective Date" means the latest of the following dates: (i) the date upon which the Court grants final approval of the Settlement if no Settlement Class members file objections to the Settlement; or (ii) if a Class Member files an objection to the Settlement, the Effective Date shall be the date thirty (30) days after the date upon which the Court grants final approval of the Settlement if no appeal is initiated by an objector; or (iii) if a timely appeal is initiated by an objector, the Effective Date shall be the date of final resolution of that appeal (including any requests for rehearing and/or petitions for *certiorari*), resulting in final judicial approval of the Settlement.

1.14 "Estimated Individual Settlement Payment" means the estimated amount payable to each Settlement Class Member who submits a valid Claim Form, as calculated pursuant to Paragraph 3.13.1 herein and assuming, for purposes of the calculation, that the Net Settlement Fund equals $491,250 and that all Settlement Class Members submit a valid Claim Form.

1.15 "Final Approval Hearing" means the hearing held on the motion for final approval of the Settlement.

1.16 "Final Judgment" means the Court's entry of an order of judgment in this Action following the Court's final approval of the Settlement.

1.17 "Individual Settlement Payment" means the amount payable from the Net Settlement Fund to each Settlement Class Member who submits a valid Claim Form. The Individual Settlement Payment shall be calculated pursuant to Paragraph 3.13.1 herein.

1.18 "LWDA PAGA Allocation" means the amount payable from the Maximum Settlement Fund to the State of California's Labor Workforce Development Agency and the Settlement Class as specified in Paragraph 3.16 herein.

1.19 "Maximum Settlement Fund" means Seven Hundred Thousand U.S. Dollars ($700,000.00).

1.20 "Minimum Settlement Amount" shall mean forty-percent (40%) of the Net Settlement Fund, as defined in Paragraph 1.21 herein.

1.21 "Net Settlement Fund" means the Maximum Settlement Fund, less Class Counsel Award, Class Counsel Costs, Class Representative Enhancement Award, Settlement Administrator Costs, and the LWDA PAGA Allocation portion paid to the LWDA. The Parties estimate this amount to be $491,250.

1.22 "Notice of Settlement" means the Notice of Class Action Settlement (substantially in the form attached hereto as Exhibit A).

1.23 "Notice Packet" means the Notice of Class Action Settlement, Claim Form, Request for Exclusion, and self-addressed, stamped envelope for return to the Settlement Administrator (substantially in the form attached hereto as Exhibits A - C).

1.24 "Parties" means Plaintiff and Defendants, and "Party" shall mean either Plaintiff or Defendants, individually.

1.25 "Payment Ratio" means the respective Compensable Workweeks for each Settlement Class Member divided by the total Compensable Workweeks for all Settlement Class Members.

1.26 "Plaintiff" means Patrick A. Davila.

1.27  "Preliminary Approval" or "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

1.28  "Preliminary Approval Order" means the Proposed Order (substantially in the form attached hereto as Exhibit D).

1.29  "Released Claims" means any and all claims asserted in the Class, Collective and Representative Action Complaint against the Released Parties, or that could have been asserted against the Released Parties based upon the facts alleged in the Class, Collective and Representative Action Complaint or arising out of circumstances giving rise to the Class, Collective and Representative Action Complaint, by Plaintiff or any Settlement Class Member from July 19, 2012 to the Preliminary Approval Date.  The Released Claims include, but are not limited to, any and all claims for (i) alleged violations of California Labor Code §§ 204, 510, 558, 1194, and 1198, including, but not limited to, failure to pay employees all overtime wages due; (ii) alleged violations of the Fair Labor Standards Act, codified at 29 U.S.C. § 201 *et seq.* for the alleged failure to pay all overtime wages due ("FLSA Claims"), (iii) alleged violations of California Labor Code § 226, including, but not limited to, failure to provide accurate wage statements; (iv) alleged violations of California Labor Code §§ 201-203 including, but not limited to, failure to pay final wages timely, or pay penalties for untimely final wages; (v) alleged failure to provide rest breaks in violation of California Labor Code §§ 226.7, 516, and 558, (vi) alleged failure to pay all missed meal period premiums due employees in violation of California Labor Code §§ 226.7, 512, and 558; (vii) alleged failure to reimburse employees for necessary business expenditures in violation of California Labor Section §§ 2802 and 2804, (viii) alleged failure to maintain accurate records in violation of California Labor Code §§ 1174 and 1174.5, (ix) alleged violation of California Business and Professions Code § 17200 *et seq.* based on underlying violations of the California Labor Code and FLSA as identified herein at (i) through (viii), and (x) alleged violations of California Labor

1 Code § 2698 *et seq.* based on derivative violations of the Labor Code including,
2 but not limited to, Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 516,
3 558, 1174, 1174.5, 1194, 1198, 2802, and 2804. The Released Claims also include
4 all claims for interest and/or penalties of any kind or nature arising out of or
5 relating to the Released Claims and further extends to and includes claims for
6 damages, civil penalties, restitution, injunctive relief, declaratory relief, punitive
7 damages, and any other form of relief or remedy. The Released Claims also
8 include all claims Plaintiff and Settlement Class Members may have against the
9 Released Parties relating to (i) the payment and allocation of attorneys' fees and
10 costs to Class Counsel pursuant to this Agreement and (ii) the payment of the Class
11 Representative Enhancement Award pursuant to this Agreement. It is the intent of
12 the Parties that the judgment entered by the Court upon final approval of the
13 Settlement shall have *res judicata* effect and be final and binding upon Plaintiff
14 and all Settlement Class Members regarding all of the Released Claims, whether or
15 not the Settlement Class Members submit Claim Forms, except for the FLSA
16 Claims, which shall only be released by Settlement Class Members who submit
17 Claim Forms.
18     1.30   "Released Parties" means Defendants and their past, present and/or
19 future, direct and/or indirect, parent companies, subsidiaries, affiliates, divisions,
20 officers, directors, managers, members, heirs, employees, agents, representatives,
21 attorneys, insurers, partners, investors, shareholders, predecessors, successors,
22 and/or assigns.
23     1.31   "Request for Exclusion" means the Request for Exclusion form
24 (substantially in the form attached hereto as Exhibit C).
25     1.32   "Response Deadline" means the date sixty (60) days after the
26 Settlement Administrator mails Notice Packets to Settlement Class Members and
27 the last date on which Settlement Class Members may: (a) postmark, fax, or email
28 Claims Forms; (b) postmark, fax, or email Requests for Exclusion; or (c) file and

1   serve Objections to the Settlement.

2       1.33   "Settlement" means the disposition of the Action pursuant to this

3   Agreement.

4       1.34   "Settlement Administration Costs" means the amount to be paid to the

5   Settlement Administrator from the Maximum Settlement Fund for the

6   administration of the Settlement. The amount is not to exceed $10,000.00.

7       1.35   "Settlement Administrator" means CPT Group.

8       1.36   "Settlement Class Members" or "Settlement Class" means all non-

9   exempt managers employed by Defendants in California from July 19, 2012 to the

10   date of Preliminary Approval of this Settlement by the Court. Defendants

11   currently estimate that there are approximately 297 Settlement Class Members.

12       1.37   "Settlement Fund Account" means the bank account established

13   pursuant to the terms of this Stipulation from which all monies payable under the

14   terms of this Settlement shall be paid, as set forth herein.

15   **2.**   **RECITALS**

16       2.1   <u>Class Certification</u>. The Parties stipulate and agree to the certification

17   of this Action for purposes of this Settlement only. Should the Settlement not

18   become final and effective as herein provided, class certification shall immediately

19   be set aside (subject to further proceedings on motion of any party to certify or

20   deny certification thereafter). The Parties' willingness to stipulate to class

21   certification as part of the Settlement shall have no bearing on, and shall not be

22   admissible in or considered in connection with, the issue of whether a class should

23   be certified in a non-settlement context in this Action and shall have no bearing on,

24   and shall not be admissible or considered in connection with, the issue of whether a

25   class should be certified in any other lawsuit.

26       2.2   <u>Procedural History</u>. On or about May 8, 2013, Plaintiff filed the

27   instant Action in the Superior Court of the State of California, County of San Luis

28   Obispo. On July 25, 2013, Defendants filed an Answer, generally denying all of

1   Plaintiff's claims, including the class allegations, and asserting specific affirmative

2   defenses.  The following day, July 26, 2013, Defendants timely removed the

3   Action to the United States District Court for the Central District of California.

4       The Complaint alleged, *inter alia*, that Defendants (1) violated state and

5   federal law by failing to include the value of free and/or discounted meals in the

6   "regular rate of pay" for purposes of calculating overtime compensation and (2)

7   violated various provisions of the California Labor Code by, among other things,

8   failing to provide rest breaks in accordance with the law.  Defendants immediately

9   commenced an investigation of Plaintiff's allegations and thereafter agreed to

10  attempt to resolve Plaintiff's claims through mediation.

11      On November 19, 2013, the Parties attended mediation with Mark Rudy, an

12  experienced and well-known class action mediator.  Although the Parties were

13  unable to reach a settlement at mediation, counsel for the Parties continued their

14  settlement efforts with the continued assistance of Mr. Rudy, and reached an

15  agreement on the material terms of a settlement on November 23, 2013.

16      2.3   Benefits of Settlement to Settlement Class Members.  Plaintiff and

17  Class Counsel recognize the expense and length of continued proceedings

18  necessary to litigate their disputes through trial and through any possible appeals.

19  Plaintiff has also taken into account the uncertainty and risk of the outcome of

20  further litigation, and the difficulties and delays inherent in such litigation.

21  Plaintiff and Class Counsel are also aware of the burdens of proof necessary to

22  establish liability for the claims asserted in the Action, both generally and in

23  response to Defendants' defenses thereto (many of which have been shared at the

24  mediation), and potential difficulties in establishing damages for the Settlement

25  Class Members.  Plaintiff and Class Counsel have also taken into account

26  Defendants' agreement to enter into a settlement that confers substantial relief

27  upon Settlement Class Members.  Based on the foregoing, Plaintiff and Class

28  Counsel have determined that the Settlement set forth in this Agreement is a fair,

adequate and reasonable settlement, and is in the best interests of the Settlement Class Members.

2.4   Defendant's Reasons for Settlement.  Defendants have concluded that any further defense of this litigation would be protracted and expensive for all Parties.  Substantial amounts of time, energy and resources of Defendants have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by Plaintiff and Settlement Class Members.  Defendants have also taken into account the risks of further litigation in reaching its decision to enter into this Settlement.  Despite continuing to contend that they are not liable for any of the claims set forth by Plaintiff in the Action, Defendants have, nonetheless, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the claims as set forth in the Action.

2.5   Settlement Class Members' Claims.  Settlement Class Members have claimed and continue to claim that the Released Claims have merit and give rise to liability on the part of Defendants.  This Agreement is a compromise of disputed claims.  Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against the Settlement Class Members or Class Counsel as to the merits or lack thereof of the claims asserted.

2.6   Defendants' Defenses.  Defendants have claimed and continue to claim that the Released Claims have no merit and do not give rise to liability.  This Agreement is a compromise of disputed claims.  Nothing contained in this Agreement and no documents referred to herein and no action taken to carry out this Agreement may be construed or used as an admission by or against Defendants as to the merits or lack thereof of the claims asserted.

2.7   Maximum Amount Payable by Defendant.  Under the terms of this Settlement, the maximum amount payable by Defendants shall not exceed the Maximum Settlement Fund of Seven Hundred Thousand U.S. Dollars ($700,000).

1    2.8    <u>Minimum Amount Payable by Defendant</u>.  A minimum of 40% of the

2  Net Settlement Fund shall be paid to the Settlement Class Members, subject to the

3  occurrence of the Effective Date of the Settlement.  If the value of the actual

4  validated claims is less than 40% of the Net Settlement Fund, the difference

5  between 40% of the Net Settlement Fund and the amount of actual claims will be

6  distributed evenly among all Class Members who submitted valid claim forms.

7  The Residue, or unclaimed sums subject to this minimum amount, shall revert to

8  Defendants.  The Residue includes checks that remain uncashed ninety (90) days

9  after mailing by the Settlement Administrator.

10 **3.    TERMS OF AGREEMENT**

11    The Parties agree as follows:

12    3.1    <u>Class Size</u>.  Defendants represent that there are approximately 300

13 Settlement Class Members. In the event the actual number of Settlement Class

14 Members exceeds ten percent (10%) of the approximated class size, Plaintiff shall

15 have the right, in his sole discretion, to revoke the Settlement.

16    3.2    <u>Release As To All Class Members</u>.  As of the Effective Date, the

17 Settlement Class Members, including Plaintiff, release the Released Parties from

18 the Released Claims for the period from the beginning of the Class Period to the

19 Effective Date.

20    With respect to the Released Claims only, the Settlement Class Members

21 stipulate and agree that, upon the Effective Date, the Settlement Class Members

22 shall be deemed to have, and by operation of the Final Judgment shall have,

23 expressly waived and relinquished, to the fullest extent permitted by law, the

24 provisions, rights and benefits of Section 1542 of the California Civil Code, or any

25 other similar provision under federal or state law, which Section provides:

26
27    **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
28

10                                    Case No. CV13-05403

1    The Settlement Class Members may hereafter discover facts in addition to or
2    different from those they now know or believe to be true with respect to the subject
3    matter of the Released Claims, but upon the Effective Date, shall be deemed to
4    have, and by operation of the Final Judgment shall have, fully, finally, and forever
5    settled and released any and all of the Released Claims, whether known or
6    unknown, suspected or unsuspected, contingent or non-contingent, which now
7    exist, or heretofore have existed, upon any theory of law or equity now existing or
8    coming into existence in the future, including, but not limited to, conduct that is
9    negligent, intentional, with or without malice, or a breach of any duty, law or rule,
10   without regard to the subsequent discovery or existence of such different or
11   additional facts.  The Release provided herein, however, shall extend only to the
12   FLSA Claims of those Settlement Class Members who submitted Claim Forms.
13   The Release provided herein shall not apply to Plaintiff's pending Workers'
14   Compensation claim against Defendants.

15       3.3    Tax Liability.  The Parties make no representations as to the tax
16   treatment or legal effect of the payments called for hereunder, and Settlement Class
17   Members are not relying on any statement or representation by the Parties in this
18   regard.  Settlement Class Members understand and agree that they will be
19   responsible for the payment of any taxes and penalties assessed on the payments
20   described herein and will hold the Parties free and harmless from and against any
21   claims resulting from treatment of such payments as non-taxable damages,
22   including the treatment of such payment as not subject to withholding or deduction
23   for payroll and employment taxes.

24       3.4    No Knowledge Of Other Claims.  Class Counsel and Plaintiff agree
25   and represent that they are not aware of any claim that could have been brought
26   against Defendants by any person or entity, other than the claims that were alleged
27   or could have been alleged in the Action, or could have been alleged based on the
28   facts alleged in the Action or arising out of the circumstances giving rise to the

1  Action.

2      3.5    <u>Settlement Approval and Implementation Procedures</u>.  As part of this

3  Settlement, the Parties agree to the following procedures for obtaining the Court's

4  preliminary approval of the Settlement, certifying a Settlement Class, notifying

5  Settlement Class Members of the Settlement, obtaining the Court's final approval

6  of the Settlement, and processing the Individual Settlement Payments.

7          3.5.1  <u>Preliminary Approval and Certification</u>.  On or before January

8  13, 2014, the Parties will jointly submit this Stipulation to the Court for its

9  preliminary approval.  Such submission will include this Agreement, the proposed

10  Notice Packet, attached hereto as Exhibits A through C, the proposed Preliminary

11  Approval Order, attached hereto as Exhibit D, and any motions, memoranda and

12  evidence as may be necessary for the Court to determine that this Agreement is

13  fair, adequate and reasonable.  The Parties agree to request the Court to enter an

14  order approving the certification of a provisional Settlement Class after the

15  preliminary approval hearing in accordance with Rule 23 of the Federal Rules of

16  Civil Procedure.

17          3.5.2  <u>Class Information</u>.  No more than fifteen (15) calendar days

18  after the entry of the Preliminary Approval Order, Defendants shall provide the

19  Settlement Administrator with the Class Information for purposes of mailing

20  Notice Packets to Settlement Class Members.

21          3.5.3  <u>Notice By First Class U.S. Mail</u>.  Upon receipt of the Class

22  Information, the Settlement Administrator will perform a search on the National

23  Change of Address database to update the Settlement Class Members' addresses.

24  No more than fourteen (14) calendar days after receiving the Class Information

25  from Defendants as provided herein, the Settlement Administrator shall mail

26  copies of the Notice Packet to all Settlement Class Members by regular First Class

27  U.S. Mail.  The Settlement Administrator shall exercise its best judgment to

28  determine the current mailing address for each Settlement Class Member.  The

1  address identified by the Settlement Administrator as the current mailing address

2  shall be presumed to be the best mailing address for each Settlement Class

3  Member.  It will be conclusively presumed that, if an envelope so mailed has not

4  been returned within thirty (30) days of the mailing, the Settlement Class Member

5  received the Notice Package.

6        3.5.4  <u>Reminder Postcard</u>.  A reminder postcard shall be mailed thirty

7  (30) days after the original mailing date of the Notices to all Settlement Class

8  Members who have not returned a Claim Form, Request for Exclusion or Notice of

9  Objection to the Settlement.

10        3.5.5  <u>Undeliverable Notices</u>.  Any Notice Packets returned to the

11  Settlement Administrator as non-delivered on or before the Response Deadline

12  shall be re-mailed to the forwarding address affixed thereto.  If no forwarding

13  address is provided, the Settlement Administrator shall make reasonable efforts to

14  obtain an updated mailing address within five (5) business days of the date of the

15  return of the Notice Packet.  If an updated mailing address is identified, the

16  Settlement Administrator shall resend the Notice Packet to the Settlement Class

17  Member.  Settlement Class Members to whom Notice Packets are resent after

18  having been returned undeliverable to the Settlement Administrator shall have

19  fourteen (14) calendar days thereafter to or until the Response Deadline has

20  expired, whichever is later, to mail, fax or email the Claim Form or Request for

21  Exclusion, or file and serve a Notice of Objection.  Notice Packets that are resent

22  shall inform the recipient of this adjusted deadline.  The date of the postmark on

23  the Claim Form, either based on the date on the return envelope, the date of the fax

24  stamp, or the date of the email transmission, shall be the exclusive means used to

25  determine whether a Settlement Class Member has timely returned his/her Claim

26  Form on or before the adjusted deadline.  A Claim Form shall be deemed valid

27  only if it is signed by the Settlement Class Member and postmarked, fax or email

28  stamped on or before the adjusted deadline.  If a Settlement Class Member's

1   Notice Packet is returned to the Settlement Administrator more than once as non-

2   deliverable, then an additional Notice Packet shall not be remailed.

3        3.5.6   Compliance with the procedures specified in paragraphs 3.5.3

4   through 3.5.5 herein shall constitute due and sufficient notice to Settlement Class

5   Members of this Settlement and shall satisfy the requirement of due process.

6   Nothing else shall be required of, or done by, the Parties, Class Counsel, and

7   Defense Counsel to provide notice of the proposed settlement.

8       3.6   <u>Submission of Claims</u>.  Only Settlement Class Members who submit

9   valid and timely Claim Forms shall receive Individual Settlement Payments from

10  the Net Settlement Amount.  The Claim Form shall include instructions on how to

11  submit the form, shall list the Estimated Individual Settlement Payment for each

12  respective Settlement Class Member, and shall notify Settlement Class Members of

13  the Response Deadline.  The date of the postmark on the Claim Form, either based

14  on the date on the return envelope, the date of the fax stamp, or the date of email

15  transmission, shall be the exclusive means used to determine whether a Settlement

16  Class Member has timely returned his/her Claim Form on or before the Response

17  Deadline.  For purposes of this Agreement, a Claim Form shall be deemed valid

18  only if it is signed by the Settlement Class Member and postmarked, fax or email

19  stamped on or before the Response Deadline.

20      3.7   <u>Cure for Defective Claim Forms</u>.  If a Settlement Class Member's

21  Claim Form is not signed or lacks required information, the Settlement Class

22  Member shall be given an opportunity to cure the defect.  Any such Claim Form

23  shall be returned to the Settlement Class Member no later than three (3) business

24  days after receipt of the defective Claim Form with a cure letter stating that the

25  Class Member has fifteen (15) days from the date of the cure letter or from the

26  Response Deadline, whichever date is later, to submit, by mail, facsimile or email

27  transmission, a revised Claim Form.  If the revised Claim Form is not postmarked,

28  faxed or email stamped within that period, it shall be deemed untimely and that

Settlement Class Member will receive an Individual Settlement Payment only if the Parties so agree.  If a Settlement Class Member submits both a Claim Form and Request for Exclusion, the Settlement Class Member will be given an opportunity to clarify his or her response.  The Settlement Administrator will send a cure letter no later than three (3) business days after receiving the conflicting response stating that the Class Member has fifteen (15) days from the date of the cure letter or from the Response Deadline, whichever date is later, to clarify his or her response.  If no clarification is provided, the Request for Exclusion shall be invalidated, the Settlement Class Member will be bound by the Settlement, and the Settlement Class Member shall receive an Individual Settlement Payment.  Settlement Class Members who receive Notice Packets but do not submit a valid and timely Claim Form may not receive an Individual Settlement Payment; however, such persons shall nonetheless be deemed Settlement Class Members and will be bound by all terms of the Settlement and any Final Judgment entered in this Action if the Settlement receives final approval by the Court.

   3.8   <u>Claim Disputes</u>.  Settlement Class Members will have the opportunity, should they disagree with Defendants' records regarding the dates of employment stated on their Claim Form, to provide documentation and/or an explanation to show contrary employment dates.  If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted.  The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement.  The Settlement Administrator's determination of the eligibility for and amount of any Individual Settlement Payment shall be binding upon the Settlement Class Member and the Parties.

   3.9   <u>Exclusions (Opt-Outs)</u>.  The Notice Packet shall state that Settlement Class Members who wish to exclude themselves from the Settlement must submit a Request for Exclusion by the Response Deadline.  The Request for Exclusion: (1)

1   must contain the name, address, telephone number and the last four digits of the

2   Social Security number of the person requesting exclusion, (2) must be signed by

3   the Settlement Class Member; and (3) must be postmarked, fax or email stamped

4   by the Response Deadline and returned to the Settlement Administrator at the

5   specified address, fax telephone number or email address.  If the Request for

6   Exclusion does not contain the information listed in (1)-(2), it will not be deemed

7   valid for exclusion from this Settlement, except a Request for Exclusion form not

8   containing a Settlement Class Member's telephone number and/or last four digit of

9   the Social Security number will be deemed valid.  The date of the postmark on the

10  Request for Exclusion, either based on the date on the return mailing envelope,

11  date of the fax stamp, or date of email transmission, shall be the exclusive means

12  used to determine whether a Request for Exclusion has been timely submitted.

13  Any Settlement Class Member who requests to be excluded from the Settlement

14  Class will not be entitled to any recovery under the Settlement and will not be

15  bound by the terms of the Settlement or have any right to object, appeal or

16  comment thereon.  Settlement Class Members who receive a Notice Packet but fail

17  to submit a valid and timely Request for Exclusion on or before the Response

18  Deadline shall be bound by all terms of the Settlement and any Final Judgment

19  entered in this Action if the Settlement is approved by the Court.  No later than

20  fourteen (14) calendar days after the Response Deadline, the Settlement

21  Administrator shall provide counsel for the Parties with a complete list of all

22  members of the Settlement Class who have timely submitted Requests for

23  Exclusion.  At no time shall any of the Parties or their counsel seek to solicit or

24  otherwise encourage members of the Settlement Class to submit Requests for

25  Exclusion from the Settlement.

26      3.10   Objections.  The Notice Packet shall state that Settlement Class

27  Members who wish to object to the Settlement must file with the Court and serve

28  on all Parties a written statement of objection ("Notice of Objection") by the

1    Response Deadline.  The date of filing and the date on the proof of service shall be

2    deemed the exclusive means for determining that a Notice of Objection was filed

3    and served timely.  The Notice of Objection must be signed by the Settlement

4    Class Member and state: (1) the full name of the Settlement Class Member; (2) the

5    dates of employment of the Settlement Class Members; (3) the job title(s) and job

6    location(s) of the Settlement Class Member; (4) the last four digits of the

7    Settlement Class Members' Social Security number and/or the Employee ID

8    number; (5) the basis for the objection; and (6) if the Settlement Class Member

9    intends to appear at the Final Approval Hearing.  Settlement Class Members who

10   fail to make objections in the manner specified above shall be deemed to have

11   waived any objections and shall be foreclosed from making any objections

12   (whether by appeal or otherwise) to the Settlement.  Settlement Class Members

13   who submit a timely Notice of Objection will have a right to appear at the Final

14   Approval Hearing in order to have their objections heard by the Court.  At no time

15   shall any of the Parties or their counsel seek to solicit or otherwise encourage

16   Settlement Class Members to file or serve written objections to the Settlement or

17   appeal from the Order and Final Judgment. Class Counsel shall not represent any

18   Settlement Class Members with respect to any such objections.

19        3.11   No Solicitation of Settlement Objections or Exclusions.  The Parties

20   agree to use their best efforts to carry out the terms of this Settlement.  At no time

21   shall any of the Parties or their counsel seek to solicit or otherwise encourage

22   Settlement Class Members to submit either written objections to the Settlement or

23   Requests for Exclusion from the Settlement, or to appeal from the Court's Final

24   Judgment.

25        3.12   Funding and Allocation of Settlement.  Defendant is required to pay

26   the sum of the Individual Settlement Payments, the Class Representative

27   Enhancement Award, the Class Counsel Award and Costs, the PAGA Allocation

28   and the Settlement Administration Costs, as specified in this Agreement, up to the

1    Maximum Settlement Fund of Seven Hundred Thousand Dollars ($700,000).

2    Within fifteen (15) calendar days following the Effective Date of the Settlement,

3    Defendants shall provide the funds for the Settlement to the Settlement

4    Administrator.  The Settlement Administrator shall deposit the funds in the

5    Settlement Fund Account.  No distributions from the Settlement Fund Account

6    shall occur until authorization in writing or via e-mail is provided to the Settlement

7    Administrator by Class Counsel and Defendants' counsel.

8          3.12.1   No more than give (5) business days after the Settlement is

9    fully funded, the Settlement Administrator will provide the Parties with an

10   accounting of all anticipated payments and awards from the fund.  Payments from

11   the fund shall be made for (1) Individual Settlement Payments to Settlement Class

12   Members who submitted timely and valid Claim Forms, (2) Class Representative

13   Enhancement Awards, as specified in this Agreement and approved by the Court;

14   (3) Class Counsel Award and Costs, as specified in this Agreement and approved

15   by the Court; (4) the Settlement Administration Costs, as specified in this

16   Agreement and approved by the Court; and (5) the LWDA PAGA Allocation, as

17   specified in this Agreement and approved by the Court.

18         3.13   Individual Settlement Payments.  Individual Settlement Payments will

19   be paid from the Net Settlement Amount and shall be paid pursuant to the formula

20   set forth in Paragraph 3.13.1 herein.  Individual Settlement Payments shall be

21   mailed by regular First Class U.S. Mail to Settlement Class Members' last known

22   mailing address within fourteen (14) calendar days after the funding of the

23   Settlement is completed.  Individual Settlement Payments reflect settlement of a

24   dispute regarding wages and interest/penalties.  Individual Settlement Payments

25   will be allocated as follows:   thirty-five percent (35%) as wages; and sixty-five

26   percent (65%) as interest/penalties.  The Settlement Administrator shall issue the

27   appropriate tax documents associated with the Individual Settlement Payments,

28   including an IRS Form W-2 for the amounts allocated as "wages" and an IRS

Form 1099 for the amounts allocated as "interest/penalties." Any checks issued to Settlement Class Members shall remain valid and negotiable for ninety (90) days from the date of their issuance. After that time, any unclaimed checks will revert back to Defendants.

        3.13.1   <u>Calculation of Individual Settlement Payments</u>. Defendants will calculate the total Compensable Workweeks for all Settlement Class Members. The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member. Each Settlement Class Member's Payment Ratio will then multiplied by the Net Settlement Amount to determine his or her Individual Settlement Payment. Each Individual Settlement Payment will be reduced by any legally mandated deductions for payroll taxes or other required withholdings. Defendants shall be responsible for any employer-related taxes in addition to the Maximum Settlement Fund, provided that any unclaimed funds shall first be used to satisfy any employer-related taxes before reverting back to Defendants. Settlement Class Members are not eligible to receive any compensation other than an Individual Settlement Payment, and they may only receive an Individual Settlement Payment if they timely and validly submit a Claim Form, or submit a Claim Form consistent with the cure provisions for defective claims set forth in this Agreement.

        3.14   <u>Class Representative Enhancement Award</u>. Defendants agree not to oppose or object to any application or motion by Plaintiff to be appointed Class Representative and for a Class Representative Enhancement Award, not to exceed to Five Thousand U.S. Dollars ($5,000.00), as consideration for the release of all Released Claims and for his time and effort in bringing and prosecuting this matter. The Class Representative Enhancement Award shall be paid to Plaintiff from the Maximum Settlement Fund no later than fourteen (14) calendar days after funding of the Settlement is completed. The Settlement Administrator shall issue

1  an IRS Form 1099–MISC to Plaintiff for his Class Representative Enhancement

2  Award.  Plaintiff agrees to provide the Settlement Administrator with an executed

3  Form W-9 before the Class Representative Enhancement Award is issued.

4  Plaintiff shall be solely and legally responsible to pay any and all applicable taxes

5  on his Class Representative Enhancement Award and shall hold harmless

6  Defendants from any claim or liability for taxes, penalties, or interest arising as a

7  result of the Class Representative Enhancement Award.  The Class Representative

8  Enhancement Award shall be in addition to Plaintiff's Individual Settlement

9  Payment as a Settlement Class Member.  In the event that the Court awards less

10  than the requested amount of the Class Representative Enhancement Award, then

11  any portion of the requested amount not awarded to Plaintiff shall be added to the

12  Net Settlement Amount.  In the event the Court reduces or does not approve the

13  requested Class Representative Enhancement Award, Plaintiff shall not have the

14  right to revoke his agreement to the Settlement, which shall remain binding on the

15  Parties.

16          3.15   Class Counsel Award and Costs.  Defendants agree not to oppose or

17  object to any application or motion by Class Counsel for attorneys' fees not to

18  exceed One Hundred Seventy-Five Thousand U.S. Dollars ($175,000.00) and

19  Class Counsel Costs not to exceed Fifteen Thousand U.S. Dollars ($15,000), as

20  supported by declaration from Class Counsel, from the Maximum Settlement

21  Fund.  Class Counsel shall be paid any Court-approved fees and costs, including

22  any interest accrued thereon, no later than fourteen (14) calendar days after the

23  Settlement is fully funded.  Class Counsel shall be solely and legally responsible to

24  pay all applicable taxes on the payment made pursuant to this paragraph.  The

25  Settlement Administrator shall issue an IRS Form 1099–MISC to Class Counsel

26  for the payments made pursuant to this paragraph.  This Settlement is not

27  contingent upon the Court awarding Class Counsel any particular amount in

28  attorneys' fees and costs.  In the event the Court reduces or does not approve the

1 | requested Class Counsel Award and/or Class Counsel Costs, the Settlement shall

2 | remain binding on the Parties.  Any amount requested by Class Counsel for the

3 | Class Counsel Award and Class Counsel Costs and not granted by the Court shall

4 | return to the Net Settlement Amount and distributed as provided in this Agreement.

5 |      3.16   PAGA.  Subject to Court approval, the Parties shall allocate a total of

6 | Five Thousand U.S. Dollars ($5,000) from the Maximum Settlement Fund for the

7 | compromise of claims brought under the Private Attorneys General Act of 2004,

8 | Cal. Lab. Code § 2698 et seq. (the "PAGA Allocation").  California Labor Code

9 | section 2699(i) requires that the parties distribute any settlement of PAGA claims

10 | as follows:  seventy-five percent (75%) to the State of California's Labor

11 | Workforce Development Agency ("LDWA") for enforcement of labor laws and

12 | education of employers; and twenty-five percent (25%) to "aggrieved employees."

13 | The Parties, therefore, agree that Three Thousand Seven Hundred and Fifty U.S.

14 | Dollars ($3,750.00) of the PAGA Allocation shall be paid to the State of California

15 | LWDA ("LWDA PAGA Allocation") from the Maximum Settlement Fund by the

16 | Claims Administrator no later than fourteen (14) calendar days after the Settlement

17 | is fully funded.  The remaining One Thousand Two Hundred and Fifty U.S.

18 | Dollars ($1,250.00) of the PAGA Allocation shall be part of the Net Settlement

19 | Fund to be distributed in accordance with the terms of this Stipulation.

20 |      3.17   Option to Terminate Settlement.  If, after the Response Deadline and

21 | before the Final Approval Hearing, the number of individuals who submitted

22 | timely and valid Requests for Exclusion from the Settlement exceeds twenty

23 | percent (20%) of all potential Settlement Class Members, Defendants shall have, in

24 | their sole discretion, the option to terminate this Settlement.  If Defendants

25 | exercise their option to terminate this Settlement, Defendants shall pay all

26 | Settlement Administration Costs incurred up to the date of termination.

27 |      3.18   Settlement Administration Costs.  The Settlement Administrator shall

28 | be paid for the costs of administration of the Settlement from the Maximum

1   Settlement Fund.  Such costs of administration are not to exceed $10,000.00.  No
2   fewer than thirty (30) days prior to the Final Approval Hearing, the Settlement
3   Administrator shall provide the Parties with a statement detailing the costs of
4   administration.  The Settlement Administrator, on Defendants' behalf, shall have
5   the authority and obligation to make payments, credits and disbursements,
6   including payments and credits in the manner set forth herein, to Settlement Class
7   Members calculated in accordance with the methodology set out in this Agreement
8   and orders of the Court.  The Parties agree to cooperate in the Settlement
9   Administration process and to make all reasonable efforts to control and minimize
10  the cost and expenses incurred in administration of the Settlement.  The Parties
11  each represent they do not have any financial interest in the Settlement
12  Administrator or otherwise have a relationship with the Settlement Administrator
13  that could create a conflict of interest.  The Settlement Administrator shall be
14  responsible for:  processing and mailing payments to the Plaintiff, Class Counsel,
15  Settlement Class Members; printing and mailing the Notice Packets to the
16  Settlement Class Members as directed by the Court; receiving and reporting the
17  Requests for Exclusion and Claim Forms submitted by Settlement Class Members;
18  providing declaration(s) as necessary in support of preliminary and/or final
19  approval of this Settlement; and other tasks as the Parties mutually agree or the
20  Court orders the Settlement Administrator to perform.  The Settlement
21  Administrator shall keep the Parties timely apprised of the performance of all
22  Settlement Administrator responsibilities.  Any legally-mandated tax reports, tax
23  forms, tax filings, or other tax documents required by administration of this
24  Agreement shall be prepared by the Settlement Administrator.  Any expenses
25  incurred in connection with such preparation shall be a cost of administration of
26  the Settlement. The Settlement Administrator shall be paid the Settlement
27  Administration Costs no later than fourteen (14) calendar days after the Settlement
28  is fully funded.

3.19   <u>Final Approval Hearing</u>.  At a reasonable time following the Response Deadline, the Court shall hold the Final Approval Hearing, where objections, if any, may be heard, and the Court shall determine amounts properly payable for (i) the Class Counsel Award and Costs, (ii) the Class Representative Enhancement Award, (iii) Individual Settlement Payments, (iv) the LWDA PAGA Allocation and (v) the Settlement Administration Costs.

3.20   <u>Entry of Final Judgment</u>.  If the Court approves this Settlement at the Final Approval Hearing, the Parties shall request that the Court enter the Final Judgment after the Settlement has been fully funded, with the Court retaining jurisdiction over the Parties to enforce the terms of the judgment.

3.21   <u>No Effect on Employee Benefits</u>.  Amounts paid to Plaintiff or other Settlement Class Members pursuant to this Agreement will not count as earnings or compensation for purposes of any benefits (e.g., 401(k) plans or retirement plans) sponsored by Defendants.

3.22   <u>Nullification of Settlement Agreement</u>.  In the event: (i) the Court does not enter the Preliminary Approval Order as specified herein; (ii) the Court does not grant final approval of the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any fees already incurred by the Settlement Administrator shall be paid by the Parties in equal shares.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought, administration of the Settlement shall be stayed pending final resolution of the

1  appeal or other appellate review, but any fees incurred by the Settlement

2  Administrator prior to it being notified of the filing of an appeal from the Court's

3  Final Judgment, or any other appellate review, shall be paid to the Settlement

4  Administrator by Defendants within thirty (30) days of said notification.

5      3.23   No Admission By the Parties.  Defendants deny any and all claims

6  alleged in this Action and deny all wrongdoing whatsoever.  This Agreement is not

7  a concession or admission, and shall not be used against Defendants as an

8  admission or indication with respect to any claim of any fault, concession or

9  omission by Defendants.

10      3.24   Dispute Resolution.  Except as otherwise set forth herein, all disputes

11  concerning the interpretation, calculation or payment of settlement claims, or other

12  disputes regarding compliance with this Agreement shall be resolved as follows:

13      3.24.1   If Plaintiff or Class Counsel, on behalf of Plaintiff or any

14  Settlement Class Members, or the Defendants at any time believes that the other

15  Party has breached or acted contrary to the Agreement, that party shall notify the

16  other party in writing of the alleged violation.

17      3.24.2   Upon receiving notice of the alleged violation or dispute, the

18  responding party shall have ten (10) days to correct the alleged violation and/or

19  respond to the initiating party with the reasons why the Party disputes all or part of

20  the allegation.

21      3.24.3   If the response does not address the alleged violation to the

22  initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten

23  (10) days to resolve their differences.

24      3.24.4   If Class Counsel and Defendants are unable to resolve their

25  differences after twenty (20) days, either Party may file an appropriate motion for

26  enforcement with the Court.

27      3.25   Exhibits and Headings.  The terms of this Agreement include the

28  terms set forth in any attached Exhibits A-D, which are incorporated by this

1  reference as though fully set forth herein.  Any Exhibits to this Agreement are an

2  integral part of the Settlement.  The descriptive headings of any paragraphs or

3  sections of this Agreement are inserted for convenience of reference only and do

4  not constitute a part of this Agreement.

5       3.26   Interim Stay of Proceedings.  The Parties agree to stay all proceedings

6  in the Action, except such proceedings necessary to implement and complete the

7  Settlement, in abeyance pending the Final Approval Hearing to be conducted by

8  the Court.

9       3.27   Amendment or Modification.  This Agreement may be amended or

10  modified only by a written instrument signed by counsel for all Parties or their

11  successors-in-interest.

12       3.28   Entire Agreement.  This Agreement and any attached Exhibits

13  constitute the entire Agreement among these Parties, and no oral or written

14  representations, warranties or inducements have been made to any Party

15  concerning this Agreement or its Exhibits other than the representations, warranties

16  and covenants contained and memorialized in the Agreement and its Exhibits.

17      3.29   Authorization to Enter Into Settlement Agreement.  Counsel for all

18  Parties warrant and represent they are expressly authorized by the Parties whom

19  they represent to negotiate this Agreement and to take all appropriate actions

20  required or permitted to be taken by such Parties pursuant to this Agreement to

21  effectuate its terms, and to execute any other documents required to effectuate the

22  terms of this Agreement.  The Parties and their counsel will cooperate with each

23  other and use their best efforts to effect the implementation of the Settlement.  In

24  the event the Parties are unable to reach agreement on the form or content of any

25  document needed to implement the Settlement, or on any supplemental provisions

26  that may become necessary to effectuate the terms of this Settlement, the Parties

27  may seek the assistance of the Court to resolve such disagreement.  The persons

28  signing this Agreement on behalf of Defendant represent and warrant that they are

1  authorized to sign this Agreement on behalf of Defendant.  Plaintiff represents and

2  warrants that she is authorized to sign this Agreement and that she has not assigned

3  any claim, or part of a claim, covered by this Settlement to a third-party.

4    3.30  <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding

5  upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as

6  previously defined.

7    3.31  <u>California Law Governs</u>.  All terms of this Agreement and the

8  Exhibits hereto shall be governed by and interpreted according to the laws of the

9  State of California.

10    3.32  <u>This Settlement is Fair, Adequate and Reasonable</u>.  The Parties

11  believe this Settlement is a fair, adequate and reasonable settlement of this Action

12  and have arrived at this Settlement after extensive arms-length negotiations, taking

13  into account all relevant factors, present and potential.

14    3.33  <u>Jurisdiction of the Court</u>.  The Parties agree that the Court shall retain

15  jurisdiction with respect to the interpretation, implementation and enforcement of

16  the terms of this Agreement and all orders and judgments entered in connection

17  therewith, and the Parties and their counsel hereto submit to the jurisdiction of the

18  Court for purposes of interpreting, implementing and enforcing the settlement

19  embodied in this Agreement and all orders and judgments entered in connection

20  therewith.

21    3.34  <u>Invalidity of Any Provision</u>.  Before declaring any provision of this

22  Agreement invalid, the Court shall first attempt to construe the provisions valid to

23  the fullest extent possible consistent with applicable precedents so as to define all

24  provisions of this Agreement valid and enforceable.

25    3.35  <u>Waiver of Certain Appeals</u>.  The Parties agree to waive appeals and to

26  stipulate to class certification for purposes of this settlement only.

27    3.36  <u>Cooperation</u>.  The Parties agree to cooperate fully with one another to

28  accomplish and implement the terms of this Settlement.  Such cooperation shall

1   include, but not be limited to, execution of such other documents and the taking of

2   such other action as may be reasonably necessary to fulfill the terms of this

3   Settlement.  The Parties to this Settlement shall use their best efforts, including all

4   efforts contemplated by this Settlement and any other efforts that may become

5   necessary by Court order, or otherwise, to effectuate this Settlement and the terms

6   set forth herein.

7   　　　　3.37   Publicity.  Plaintiff and Class Counsel agree not to publicize the

8   Action, the facts giving rise to the Action, and/or the outcome of the Settlement

9   other than on its website for a period of no more than six (6) months from the date

10   of the final order approving this Settlement.  This provision shall not prevent Class

11   Counsel from referring to this Settlement in court-filed "adequacy of counsel"

12   showings in other class, collective, and/or representative actions.

13   　　　　3.38   Notices.  Unless otherwise specifically provided, all notices, demands

14   or other communications in connection with this Stipulation shall be: (1) in

15   writing; (2) deemed given on the third business day after mailing; and (3) sent via

16   United States registered or certified mail, return receipt requested, addressed as

17   follows:

18

| To Plaintiff: | To Defendants: |
|---|---|
| BALTODANO & BALTODANO LLP<br>Hernaldo J. Baltodano, Esq.<br>1411 Marsh Street<br>Suite 102<br>San Luis Obispo, California 93401<br><br>BOREN, OSHER & LUFTMAN LLP<br>Stephen Z. Boren, Esq.<br>Paul K. Haines, Esq.<br>5900 Wilshire Blvd.<br>Suite 920<br>Los Angeles, California 90036 | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>Vince M. Verde, Esq.<br>Allison C. Eckstrom, Esq.<br>695 Town Center Drive<br>Suite 1500<br>Costa Mesa, CA 92626 |

28   　　　　3.39   Execution by Settlement Class Members.  It is agreed that it is

impossible or impractical to have each Class Member execute this Settlement

1   Agreement.  The Notice will advise all Settlement Class Members of the binding

2   nature of the release and such shall have the same force and effect as if each

3   Settlement Class Member executed this Stipulation.

4        3.40   Execution by Plaintiff.   Plaintiff, by signing this Stipulation, is bound

5   by the terms herein and further agrees not to request to be excluded from the

6   Settlement and not to object to any terms of this Stipulation.  Any such request for

7   exclusion or objection shall therefore be void and of no force or effect.

8        3.41   The Parties hereto agree that the terms and conditions of this

9   Stipulation of Settlement are the result of lengthy, intensive, arms-length

10  negotiations between the Parties and that this Stipulation shall not be construed in

11  favor of or against any of the Parties by reason of their participation in the drafting

12  of this Stipulation.

13       3.42   Counterparts.  This Stipulation shall become effective upon its

14  execution by all of the undersigned.  Plaintiff, Class Counsel, Defendants, and

15  Defense Counsel may execute this Stipulation in counterparts, and execution of

16  counterparts shall have the same force and effect as if each had signed the same

17  instrument.  Copies of the executed agreement shall be effective for all purposes as

18  thought the signatures contained therein were original signatures.

19

20  DATED:                          PLAINTIFF
    *12-12-2013*

21

22                                  By: *Patrick A. Davila*
                                    Patrick A. Davila

23

24  DATED: *12.12.2013*             DEFENDANTS

25                                  By: *Claire Gagnon*
                                    Claire Gàgnon

26

27                                  Title:  Corporate Counsel

28

1   Approved as to form and content:

2   DATED: 12-12-2013                    BOREN, OSHER & LUFTMAN LLP

3

4

5   By: _____

6       Paul K. Haines
        Attorneys for Plaintiff and Class
7       Counsel

8   DATED: 12/12/13                      BALTODANO & BALTODANO LLP

9

10

11  By: _____

12      Hernaldo J. Baltodano
        Attorneys for Plaintiff and Class
13      Counsel

14

15  DATED: 12/12/13                      OGLETREE, DEAKINS, NASH,
                                         SMOAK & STEWART, P.C.
16

17

18  By: _____

19      Vince M. Verde
        Allison C. Eckstrom
20      Patricia A. Matias
        Attorneys for Defendant
21      OCB RESTAURANT COMPANY,
        LLC; BUFFETS, INC.; and
22      HOMETOWN BUFFET, INC.

23

24

25

26

27

28

Exhibit A

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>

*Patrick A. Davila v. OCB Restaurant Company, LLC et al.*
United States District Court, Central District of California
Case No. CV13-05403 PA (JCGx)

**TO:   ALL FORMER AND CURRENT NON-EXEMPT MANAGERS EMPLOYED BY OCB RESTAURANT COMPANY, LLC, AND/OR HOMETOWN BUFFET, INC. (COLLECTIVELY "DEFENDANTS") IN CALIFORNIA FROM JULY 19, 2012 THROUGH [PRELIMINARY APPROVAL DATE].**

You are receiving this Notice because Defendants' records indicate you may be entitled to participate in this class action settlement. The purpose of this Notice is to provide a brief description of the claims alleged in the case, inform you of the terms of the proposed Settlement, and advise you of your rights and options with respect to the Settlement.

**I.   SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS**

**A. To Whom This Notice Is Directed**

This Notice, which has been approved by the Court, is to notify Class Members (defined below) in the class action *"Davila v. OSB Restaurant Company, LLC et al."* currently pending in the United States District Court for the Central District of California, of the proposed settlement of that case. The Court has ordered that notice of the proposed Settlement be provided to the Class Members (defined below), and has conditionally certified the Class for Settlement purposes only. The Court has certified, for settlement purposes, the following class (the "Class"):

> All current and former non-exempt managers who worked for OCB Restaurant Company, LLC and/or Hometown Buffet, Inc. in California from July 19, 2012 through [DATE OF PRELIMINARY APPROVAL ORDER]

According to Defendants' records, you are a member of the Class ("Class Member"). The purpose of this Notice is to inform you about the proposed

Settlement and to explain your rights and options with respect to the Action and the Settlement.

### B. What is a Class Action?

A class action is a lawsuit in which the claims and rights of many people ("Class Members") are decided in a single court proceeding.  In this case, the representative plaintiff, Patrick A. Davila ("Class Representative"), filed a lawsuit asserting claims on behalf of all Class Members.

### C. Important Options and Dates

<u>You have several options:</u>

1) **To be eligible for a payment under the Settlement, you must timely file a claim.**  Assuming that you timely submit a claim form as explained in Section IV.A below [60 days after notice is mailed], you will be sent a check for your share of the Settlement funds as determined by the Settlement Administrator.

2) You may object to the Settlement in writing, postmarked by _____, 2014[60 days after notice is mailed], following the procedure described below in Section IV.H.

3) You may object to Class Counsel's motion for the Class Counsel Reasonable Attorneys' Fees and Costs Payment in writing, postmarked by _____, 2014 [60 days after notice is mailed], following the procedure described below in Section IV.H.

4) You may elect not to participate in the Settlement, in which case you will no longer be a Class Member (and therefore you will receive no money under this Settlement and you will not

have standing to object to the Settlement), and you will not release your claims, which means that you may be able to bring a separate lawsuit on your own for these claims if you wish. To elect not to participate in the Settlement, you must fully complete and sign a Request for Exclusion form and submit it to the Settlement Administrator by U.S. first-class mail, postmarked by _____, 2014 [60 days after notice is mailed], or deliver it to the Settlement Administrator by that date, following the procedure described below in Section IV.G.

## II.   BACKGROUND OF THE ACTION

### A. The Claims at Issue

The Class Representative is former non-exempt manager of Defendants' Hometown Buffet restaurant in San Luis Obispo, California. On May 8, 2013, the Class Representative filed a lawsuit in San Luis Obispo Superior Court, on behalf of current and former non-exempt, hourly employees who worked for Defendants and Buffets, Inc., in California and the United States between May 8, 2009 and [DATE OF PRELIMINARY APPROVAL ORDER].[1] On July 26, 2013, Defendants removed the lawsuit to the United States District Court for the Central District of California, where it was assigned to the Honorable Percy Anderson.

In this lawsuit, the Class Representative alleges that Defendants failed to pay all required overtime wages to non-exempt, hourly employees by miscalculating

---

[1] On January 18, 2012, Defendants commenced voluntary Chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware which were jointly administered under Case No. 12-10237 (MFW). On June 27, 2012, the Bankruptcy Court entered an order confirming the Second Amended Joint Plan for Reorganization. Pursuant to 11 U.S.C. §1141(d) of the Bankruptcy Code, the order confirming the Second Amended Joint Plan for Reorganization discharged the Defendants from all debts arising prior to July 18, 2012, the Effective Date of the Plan.

the regular rate of pay for overtime purposes. The Class Representative also alleges that Defendants failed to reimburse non-exempt employees for slip-resistant shoes and failed to provide all meal and rest breaks to non-exempt, hourly employees. As a result, the Class Representative alleges, Defendants furnished non-exempt, hourly employees with inaccurate wage statements and failed to timely pay all wages to employees at separation of employment. Based on these allegations, the Class Representative brought the following claims against Defendants: (1) failure to pay all overtime wages under California and federal law; (2) failure to provide meal breaks; (3) failure to provide rest breaks; (4) failure to provide itemized wage statements; (5) failure to pay all wages owed at termination; (6) violation of California's Unfair Competition Law; (7) failure to reimburse expenses; (8) failure to maintain records; and (9) a claim for civil penalties under the Private Attorneys General Act ("PAGA").

### B. Defendants' Denial of Liability

Defendants deny all of the Class Representative's allegations. Specifically, Defendants deny that the Class Representative and/or the Class Members were not provided all meal and rest periods, are owed any additional compensation for the hours they worked, have received inaccurate or deficient wage statements, have not been timely paid all wages upon termination, and/or are entitled to any other relief.

## III.   SUMMARY OF THE SETTLEMENT

This Settlement is the result of good-faith, arms-length negotiations between the Class Representative and Defendants, through their respective attorneys, which included a number of settlement discussions, extensive written discovery, the formal and informal exchange of documents and data, analysis of time and payroll records of the Class Members, negotiations through counsel experienced in these types of cases, and a mediation conducted by a respected mediator with extensive

experience mediating wage and hour class actions in California.  The Settlement represents a compromise regarding disputed claims, considering the risks, expense and uncertainties of continued litigation.  The Class Representative's counsel has determined that the Settlement is fair, reasonable and adequate and is in the best interests of the Class Members.  Please be advised that the Court has not ruled on the merits of the Class Representative's claims or Defendants' defenses.

The attorneys for the Class Members in the Action ("Class Counsel") are:

Hernaldo J. Baltodano, Esq.        BALTODANO & BALTODANO LLP
                                   1411 Marsh Street, Suite 102
                                   San Luis Obispo, CA 93041
                                   (805) 322-3412
                                   Toll-Free: (888) 503-5517


Paul K. Haines, Esq.               BOREN, OSHER & LUFTMAN
                                   5900 Wilshire Blvd., Suite 920
                                   Los Angeles, CA 90036
                                   Telephone: (323) 937-9900


The attorneys for Defendants are:

Vince M. Verde, Esq.               OGLETREE, DEAKINS, NASH, SMOAK
Allison C. Eckstrom, Esq.          & STEWART, P.C.
                                   695 Town Center Drive, Suite 1500
                                   Costa Mesa, CA  92626
                                   Telephone:  714.800.7900

## A. The Settlement Agreement and the Court's Final Approval Hearing

The parties have presented the Settlement to the Court for its review.  On February __ 2014, the Court ordered that notice of the proposed Settlement be provided to the Class.  The Court will decide whether to give final approval to the proposed Settlement and the relief requested, and award Class Counsel Reasonable Attorneys' Fees and Costs Payment and Class Representative Enhancement

Payment at a hearing scheduled for [**INSERT DATE**] ("Final Approval Hearing"). <u>See</u> Section V below for details. Only after the Settlement is granted final approval will money be paid under the Settlement.

**B. Summary of Terms of the Proposed Settlement**

1.        Subject to Court approval, the terms of the Settlement are as follows: If the settlement is approved, the total Settlement Payment will be Seven-Hundred thousand dollars ($700,000). Before the Participating Class Members are paid, the following sums will be deducted from the Settlement Payment: (a) five-thousand dollars ($5,000) to be paid to the California Labor and Workforce Development Agency ("LWDA"), of which 25% will be distributed pro rata to Participating Class Members; (b) a service payment, if approved by the Court, to the Class Representative of five-thousand dollars ($5,000); (c) ten-thousand dollars ($10,000) to the Settlement Administrator to administer the settlement; and (d) Class Counsel's reasonable attorneys' fees and documented litigation costs in an amount set by the Court not to exceed $175,000 and $15,000, respectively.

The remaining funds will constitute the Net Settlement Fund ("NSF") to be distributed to Participating Class Members. If the value of the actual validated claims is less than 40% of the NSF, the difference between 40% of the NSF and the amount of actual claims will be distributed evenly among all Class Members who submitted valid claim forms. The Residue, or unclaimed sums subject to this minimum amount, shall revert to Defendants. The Residue includes checks that remain uncashed ninety (90) days after mailing by the Settlement Administrator.

2.        There are approximately 297 Class Members. Each Class Member who does not affirmatively elect not to participate in the settlement and files a timely claim form will be paid a portion of the NSF. The portion of the NSF that each Class Member receives will be calculated as described in Section IV.B,

below.

## C. Release of Claims

Each Class Member who does not timely and properly request exclusion from the Settlement in accordance with Section IV.G below (the "Participating Class Members") is deemed to have fully and finally released and discharged OCB Restaurant Company, LLC, Hometown Buffets, Inc., and Buffets, Inc. (the "Released Parties") from any and all claims asserted in the Class, Collective and Representative Action Complaint against the Released Parties, or that could have been asserted against the Released Parties based upon the facts alleged in the Class, Collective and Representative Action Complaint or arising out of circumstances giving rise to the Class, Collective and Representative Action Complaint, by Plaintiff or any Settlement Class Member from July 19, 2012 through the date of preliminary approval.  The Released Claims include, but are not limited to, any and all claims for (i) alleged violations of California Labor Code §§ 204, 510, 558, 1194, and 1198, including, but not limited to, failure to pay employees all overtime wages due; (ii) alleged violations of the Fair Labor Standards Act, codified at 29 U.S.C. § 201 *et seq.* for the alleged failure to pay all overtime wages due, (iii) alleged violations of California Labor Code § 226, including, but not limited to, failure to provide accurate wage statements; (iv) alleged violations of California Labor Code §§ 201-203 including, but not limited to, failure to pay final wages timely, or pay penalties for untimely final wages; (v) alleged failure to provide rest breaks in violation of California Labor Code §§ 226.7, 516, and 558, (vi) alleged failure to pay all missed meal period premiums due employees in violation of California Labor Code §§ 226.7, 512, and 558; (vii) alleged failure to reimburse employees for necessary business expenditures in violation of California Labor Section §§ 2802 and 2804, (viii) alleged failure to

maintain accurate records in violation of California Labor Code §§ 1174 and 1174.5, (ix) alleged violation of California Business and Professions Code § 17200 *et seq.* based on underlying violations of the California Labor Code and FLSA as identified herein at (i) through (viii), and (x) alleged violations of California Labor Code § 2698 *et seq.* based on derivative violations of the Labor Code including, but not limited to, Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 516, 558, 1174, 1174.5, 1194, 1198, 2802, and 2804.  The Released Claims also include all claims for interest and/or penalties of any kind or nature arising out of or relating to the Released Claims and further extends to and includes claims for damages, civil penalties, restitution, injunctive relief, declaratory relief, punitive damages, and any other form of relief or remedy.

　　　With respect to the Released Claims only, the Settlement Class Members stipulate and agree that, upon the date pre preliminary approval, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which Section provides:

　　　**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

　　　The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the date of preliminary approval, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now

exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Release provided herein, however, shall extend only to the FLSA Claims of those Settlement Class Members who submitted Claim Forms.

## IV. HOW TO RECEIVE MONEY FROM THE SETTLEMENT

### A. Participating In the Settlement Requires That You File a Timely Claim Form

*In order to be eligible to receive a payment under the Settlement, you must sign and return a Claim Form to the Settlement Administrator at the address below* either (1) by First Class or certified U.S. Mail **postmarked no later than , 2014,** or (2) by facsimile or email to XYZ no later than [INSERT DATE]. It is recommended that you retain a receipt of your mailing or fax, or that you call the claims Settlement Administrator before the filing deadline to confirm they have received your claim or exclusion form. The Settlement Administrator is:

XYZ

A copy of your Claim Form is included along with this Notice. If you need another copy, contact the Settlement Administrator. If any information on the Claim Form is incorrect, please state on the Claim Form what you believe is the correct information. Any Class member who does not timely submit a signed Claim Form, properly completed, will not receive any payment under the Settlement and his or her claims will be barred unless he or she opts out.

### B. How Will My Settlement Share Be Calculated?

The shares claimed by Class Members come out of the Qualified Settlement

Fund, which is determined as follows:

| | | |
|---|---|---|
| $700,000 | Maximum Settlement Payment | |
| - 3,750 | (75% of PAGA Payment to LWDA) | |
| $696,250 | | |
| - 5,000 | (Requested Class Representative Enhancement) | |
| $691,250 | | |
| - 10,000 | (Settlement Administration Costs) | |
| $681,250 | | |
| -$175,000 | (Requested Attorneys' Fees) | |
| $506,250 | | |
| -$15,000 | (Requested Attorneys' Costs) | |
| $491,250 | Net Settlement Fund | |

Defendants will calculate the total Compensable Workweeks for all Class Members. The respective Compensable Workweeks for each Class Member will be divided by the total Compensable Workweeks for all Class Members, resulting in the Payment Ratio for each Class Member. Each Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to determine his or her Individual Settlement Payment. Each Individual Settlement Payment will be reduced by any legally mandated deductions for payroll taxes or other required withholdings. Defendants shall be responsible for any employer-related taxes in addition to the Maximum Settlement Fund, provided that any unclaimed funds shall first be used to satisfy any employer-related taxes before reverting back to Defendants. Class Members are not eligible to receive any compensation other than an Individual Settlement Payment, and they may only receive an Individual Settlement Payment if they timely and validly submit a Claim Form, or submit a Claim Form consistent with the cure provisions for defective claims.

Based on Defendants' records, there were approximately XYZ total

Compensable Work Weeks available at the time of the parties' November 2013 mediation to be claimed by the 297 Class Members in this proposed Settlement.

Based on Defendants' records, you worked as a non-exempt manager for Defendants from July 19, 2012 through the date of preliminary approval during the following number of Compensable Work Weeks:

**[ADMIN FILL IN]**

If you believe this information is incorrect, you should promptly contact the Settlement Administrator or Class counsel at the above address and telephone numbers to dispute the information and provide all documents supporting your challenge to this information.

Based on the Settlement Administrator's initial calculations, and using the formula above, your Settlement Share is estimated to be approximately **[AMOUNT]**.   Please note that this is only an estimate, and the amount may vary depending on whether the Court approves the proposed deductions from the Settlement Payment.

### C. When Will My Share of the Settlement Be Distributed To Me?

Within twenty-nine (29) calendar days after the Court's order granting Final Approval of the Settlement becomes final and non-appealable, the Settlement Administrator will mail the Settlement Share checks to all Participating Class Members.  It is expected that checks will be mailed out in the summer of 2014, but that date is subject to change.

### D. Settlement Share Checks Not Cashed within 90 days will revert to Defendants

If any Participating Class Member does not cash the check for his or her Settlement Share within ninety (90) days after issuance, his or her Settlement Share proceeds shall revert back to Defendants.

### E. Tax Consequences

Thirty-five percent (35%) of each Settlement Share is considered a settlement of claims for wages subject to Form W-2 reporting and, therefore, will be reduced by normal payroll tax withholding and deductions.

The remaining sixty-five percent (65%) of each Settlement Share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting.  Participating Class Members will be responsible for all taxes owed based on this portion of the Settlement share.

### F. Non-Retaliation

Defendants shall not retaliate against any Class Member who elects to participate in the Settlement.

### G. To Request Exclusion from the Settlement

If you do not want to participate in the Settlement, you must complete, sign and mail the enclosed Request for Exclusion form (enclosed with this Notice as Form A) to the Settlement Administrator.  In order to be valid, your completed Request for Exclusion must be postmarked no later than [**INSERT DATE**].

If you properly submit a timely Request for Exclusion, you will not be eligible to receive any of the settlement shares under the Settlement and you will not have standing to object to the Settlement. You will, however, retain whatever legal rights you may have against Defendants with regard to the Released Claims.

### H. How to Object to the Settlement

If you have not timely submitted a Request for Exclusion, you may object to the Settlement by submitting a written notice of objection.  However, if the Court grants final approval to the Settlement, you will still be bound by the Settlement. You may object to the Settlement either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of

your written objection to Class Counsel, Counsel for Defendants, and the Settlement Administrator at their respective addresses listed above.

All objections must be signed and set forth your address, telephone number, and the name of the Action: *Davila v. OCB Restaurant Company, LLC et al.,* Case No. CV13-05403 PA (JCGx).  To be valid, any objections to the Settlement must be postmarked to (or received by) Class Counsel, Counsel for Defendants, and the Settlement Administrator, no later than [**INSERT DATE**], at the addresses listed above.  If you submit a timely and valid objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below.  Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the proposed enhancement award to the Class Representative, the proposed reasonable attorneys' fees and costs sought by counsel for the Class, the payment calculation, and any and all other aspects of the Settlement.  If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney. If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must not submit a Request for Exclusion form.

Regardless of whether you file an objection, you will be deemed to have released all of the Released Claims against the Released Parties as set forth in Section III.C.1, above unless you properly request exclusion from the Settlement in accordance with Paragraph G above.

## V.    FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of allocation for the Settlement Shares, Class Counsel's request for reasonable attorneys' fees and costs, the administrative costs, and the enhancement award to the Class Representative on [**INSERT DATE AND TIME**] in Courtroom 15 of the United States District Court for the District of Central California, located at 312 North Spring Street, Los Angeles, CA 90006. The Final Approval Hearing may be continued without further notice to Class Members. **It is not necessary for you to appear at this hearing.** You may appear at the hearing if you wish if you have given notice of any objections to the Settlement under the procedures set forth in Section IV.H, above.

## VI.    ADDITIONAL INFORMATION

### A. No Cost to You

The Settlement does not require you to pay money out of pocket. However, you are responsible for all taxes owed on your paid Settlement Share, as described in Section IV.E, above.

### B. No Tax Advice

Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax obligations or penalties that may be imposed on any person. This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction. Class Counsel cannot give you tax advice.

### C. This Notice Provides Only a Summary

This Notice only summarizes the Action, the Settlement and other related matters. For more information, you may review the Court's files, including the

detailed Joint Stipulation Regarding Class Action Settlement and Release, which will be on file with the Clerk of the Court.  The pleadings and other records in this Action including the Joint Stipulation Regarding Class Action Settlement and Release, may be examined at the at the Office of the Clerk of Court, United States District Court for the District of Central California, 312 North Spring Street, Los Angeles, CA 90006, or online through the Public Access to Court Electronic Resources System, known as "PACER," at http://ecf.cacd.uscourts.gov. **You may also contact the Settlement Administrator at _____. Do not telephone the Court for information regarding this Settlement.**

### D. If You Have Questions

Any questions regarding this Notice or the Request for Exclusion Form should be directed to the Settlement Administrator or Class counsel, at the above addresses and telephone numbers.  If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator as instructed in Paragraph E below.

### E. If You Change Your Name or Address

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must notify the Settlement Administrator.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

# Exhibit B

## CONSENT TO JOIN SETTLEMENT AND CLAIM FORM

*Patrick A. Davila v. OCB Restaurant Company, LLC et al.*
**United States District Court, Central District of California**
**Case No. CV13-05403 PA (JCGx)**

**INSTRUCTIONS: IN ORDER TO RECEIVE MONEY UNDER THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND <u>MAIL</u> THIS CLAIM FORM BY FACSIMILE, EMAIL, OR FIRST CLASS MAIL OR THE EQUIVALENT, POSTAGE PREPAID, <u>POSTMARKED ON OR BEFORE , 2014</u>.**

**1.     CURRENT                                 CORRECTED INFORMATION**
**CLAIMANT IDENTIFICATION                (if necessary)**

Name:_____                _____

Address:_____                _____

City, State, Zip:_____                _____

Telephone:_____                _____

Last 4 Digits of Social Security No.:_____

<u>**If any of the information on the above left column is inaccurate,**
**please provide the corrected information in the space provided in the right column**</u>.

## 2.     EMPLOYMENT INFORMATION

According to Defendants OCB Restaurant Company, LLC and Hometown Buffets, Inc.'s ("Defendants") employment records, you worked a total of _____ [INSERT NO. HERE] Compensable Work Weeks from July 19, 2012 through [INSERT PRELIM. APPROVAL DATE].  You are part of the Settlement Class unless you elect to opt out.

If the information in this Section 2 is accurate, you may sign and promptly return this Claim Form.  If you disagree with the information in this Section 2, but still wish to participate in the Settlement, please check the appropriate box in Section 4 and mail your disagreement and any supporting documents together with a signed Claim Form to the address listed below in Section 3.

**3.**     If YOU WISH TO RECOVER UNDER THE SETTLEMENT, YOU **<u>MUST</u>** COMPLETE, SIGN, AND MAIL THIS CLAIM FORM BY EMAIL, FACSMILE, OR FIRST CLASS MAIL OR EQUIVALENT, POSTAGE PREPAID, POSTMARKED **ON OR BEFORE** _____, **2014,** **ADDRESSED AS FOLLOWS**

| MAIL THIS COMPLETED FORM TO: |
|---|
| |
| |

*YOU MUST COMPLETE ALL PAGES OF THIS CLAIM FORM*

4.      **ACCURACY OF THE INFORMATION LISTED IN SECTION 2:**

☐      The information set forth in Section 2 above is accurate.

☐      I wish to challenge the total number of my Compensable Work Weeks for the period July 19, 2012 through [PRELIM. APPROVAL DATE]. I have included with my signed Claim Form a written statement with what I believe is the correct number of Compensable Work Weeks that I worked during the period of my employment between July 19, 2012 through [PRELIM. APPROVAL DATE]. I have also included any documentary evidence that supports my claim, and I recognize that my claim will not be reviewed without such statement or evidence being provided. I understand that by submitting this challenge, I authorize the Settlement Administrator to review and make a determination based on Defendants' records and the records/statement I submitted. I understand that this determination may increase or decrease the amount of my settlement share. I understand that such determinations are final and binding, with no opportunity for further appeal.

5.      **UNDERSTANDING OF SETTLEMENT**

I have received the Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date and Exhibits A and B thereto (of which this form is a part) ("Notice"). I submit this Consent to Join Settlement and Claim Form under the terms of the Settlement Agreement described in the Notice and acknowledge that, upon the settlement becoming final, I will be bound by the release set forth in the Settlement Agreement.

Further, I consent to join the *Davila v. OCB Restaurant Company, LLC, et al.* action pursuant to the Fair Labor Standards Act. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2013, at _____, _____.
(City)    (State)

_____
(Signature)

_____
[Printed name to be inserted]

If you have any questions about completing this Claim Form please call the Settlement Administrator at (800) XYZ.

Reminder check list:

1.      Sign and date directly above.
2.      Keep a copy for your records.
3.      Send Proof of Claim via facsimile, email, or U.S. Mail postmarked no later than _____, 2014, to:

*Patrick A. Davila v. OCB Restaurant Company, LLC*, Claims Administrator

Exhibit C

# REQUEST FOR EXCLUSION FORM

*Patrick A. Davila v. OCB Restaurant Company, LLC et al.*
United States District Court, Central District of California
Case No. CV13-05403 PA (JCGx)

<u>Instructions</u>:  Please complete this Form only if you do **NOT** want to participate in the Settlement that is described in the Notice of Proposed Class Action Settlement ("Class Notice") that accompanies this Form.  If you choose to complete this Form, the deadline for mailing it to the Settlement Administrator is [**INSERT DATE**].

## I.   PERSONAL INFORMATION

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____)_____

Last 4 digits of Social Security Number:_____

Please Provide Your Home or Mobile Telephone Number:  (      )

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement):

## II.   REQUEST FOR EXCLUSION

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein.  <u>I understand this means that I will not be eligible to receive any money</u> and I will not have standing to object to the Settlement or to Class Counsel's Motion for Reasonable Attorneys' Fees and Costs Payment and the Plaintiff's request for incentive payment.  I also understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I had filed a claim under the Settlement.

*YOU MUST COMPLETE ALL PAGES OF THIS CLAIM FORM*

## III.  **MAILING INSTRUCTIONS**

  If you choose to return this Form, you must return it to the Settlement Administrator postmarked on or before [**INSERT DATE**] at the address listed below:

   *Davila v. OCB Restaurant Company, LLC et al.* Settlement Administration c/o

   Phone:_____

   Fax:_____

## IV.  **PLEASE SIGN BELOW**

  I certify that the foregoing statements made by me are true and correct.

Dated:_____

        _____
        (Signature)

        _____
        (Print Name)

Exhibit D

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9

10  PATRICK A. DAVILA, as an
individual and on behalf of all others
11  similarly situated,

Case No. CV13-05403 PA (JCGx)

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

12          Plaintiff,

13          vs.

Assigned to the Hon. Percy Anderson

14  OCB RESTAURANT COMPANY,
LLC., a Minnesota Limited Liability
15  Company; BUFFETS, INC., a
Minnesota Corporation; HOMETOWN
16  BUFFET, INC., a Minnesota
Corporation; and DOES 1 through 10,

17          Defendants.

18

19

20          On February 10, 2014, the Court heard a motion by Patrick A. Davila

21  Bautista ("Class Representative").  The Court has considered the Joint Stipulation

22  Regarding Class Action Settlement and Release ("Settlement") and the proposed

23  Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval

24  Hearing ("Class Notice") and attached exhibits, and the submissions of counsel,

25  and hereby finds and orders as follows:

26          1.      The Court finds on a preliminary basis that the class action settlement

27

memorialized in the Settlement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

2.     The Court conditionally certifies, for settlement purposes only, the following class ("Class"):[1]

> All current and former non-exempt managers who worked for OCB Restaurant Company, LLC and/or Hometown Buffet, Inc. in California from July 19, 2012 through [DATE OF PRELIMINARY APPROVAL ORDER]

The Court finds that, for settlement purposes only, the requirements of 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) which the Court need not address for purposes of settlement.

3.     This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification or for any other purpose, other than enforcing the terms of the Settlement.

4.     The Court appoints, for settlement purposes only, Patrick A. Davila, as the Class Representative.

5.     The Court appoints, for settlement purposes only, Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines from Boren Osher & Luftman LLP as Class Counsel for the purposes of Settlement and the releases and other obligations therein.  CPT Group, Inc. is appointed as Claims Administrator.

---

[1]     All capitalized terms in this Order shall have the same definitions as those set forth in the Settlement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

6.      The Class Notice, attached to the Declaration of Hernaldo J. Baltodano, Consent to Join Settlement and Claim Form, and Request for Exclusion Form, attached to the Class Notice as Forms A and B, respectively, are approved. The Claims Administrator is ordered to mail those documents to the Class members as provided in the Settlement.

7.      Each Class Member who does not timely submit a Request for Exclusion Form will have sixty (60) days after the date on which the Claims Administrator mails the Class Notice to object to the Settlement by serving the Claims Administrator, Class Counsel, and Counsel for Defendants, and/or filing with the Court, by the sixty (60) day deadline, a written objection to the Settlement.

8.      The Court will conduct a Final Approval Hearing on _____, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, to determine the overall fairness of the settlement and to fix the amount of reasonable attorneys' fees and costs to Class Counsel and enhancement payment to the Class Representative.  The Final Approval Hearing may be continued without further notice to Class Members.  Class Counsel shall file their motion for approval of the settlement, including approval of reasonable attorneys' fees, costs, and the Class Representative payment sought in the Settlement, on or before _____, 2014.

IT IS SO ORDERED.

Dated: _____, 2014

_____
The Honorable Percy Anderson
United States District Court Judge

3
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT