JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK DAVILA, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

OCB RESTAURANT COMPANY, LLC; BUFFETS, INC.; and HOMETOWN BUFFET, INC.,

Defendants.

CV 13-5403 PA (JCGx)

JUDGMENT

Pursuant to the settlement agreement ("Settlement Agreement") between plaintiff Patrick A. Davila ("Plaintiff" or "Class Representative") and defendants OCB Restaurant Company, LLC, Buffets, Inc., and Hometown Buffet, Inc. (collectively "Defendants"), the Court's February 13, 2014 Minute Order granting the Motion for Preliminary Approval of Class Action Settlement, and the Court's August 11, 2014 Minute Order granting the Motions for Final Approval of Class Action Settlement and for Attorneys' Fees and Costs,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The term Settlement Agreement shall refer to the Stipulation of Class Action Settlement and Release filed by the Class Representative on December 13, 2013, and all

//

terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless otherwise specifically provided herein.

2. The Settlement Class is defined as: All non-exempt managers employed by Defendants in California from July 19, 2012 to February 13, 2014.

3. The Court hereby orders the appointment of Patrick A. Davila as Class Representative for the Settlement Class for Purposes of Settlement.

4. The Court hereby orders the appointment of Hernaldo J. Baltodano of Baltodano & Baltodano LLP and Paul K. Haines of Boren, Osher & Luftman LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

5. The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

6. The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a), 23(b)(3) and 29 U.S.C. § 216(b). Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Settlement Class, as defined above.

7. The Court approves the Settlement Agreement and each of the releases and other terms set forth in the Settlement Agreement as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and Defendants (collectively the "Settling Parties"). The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

8. The Court finds that the plan of allocation for the shares of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable and that distribution of the Net Settlement Amount to the Settlement Class shall be done in accordance with the terms outlined in the Class Notice and Settlement Agreement.

9. Except as to any individual member of the Settlement Class who has validly and timely opted out of the settlement, all of the claims asserted in this action are dismissed with prejudice as to the Class Representatives and the members of the Settlement Classes. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

10. By this Judgment, the Class Representative and Settlement Class Members, other than those who submitted timely and valid Opt-Out Letters and regardless of whether they have submitted a valid Claim Form (collectively "the Releasing Settlement Class Members"), hereby release Defendants and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as defined in the Settlement Agreement). FLSA Claims shall only be released by Settlement Class Members who submitted valid claim forms.

11. By this Judgment, the Releasing Settlement Class Members and Class Counsel shall be deemed to have released all claims for attorneys' fees and costs incurred in connection with the Litigation and the Settlement of the Litigation.

12. Defendants have agreed for the Claims Administrator to pay from the Maximum Settlement Amount: (i) the Claims Administrator its reasonable fees for its services; (ii) the PAGA Penalty Payment to the California Labor and Workforce Development Agency ("CLWDA") ; and (iii) the Incentive Payment to the Class Representative to reimburse him for his valuable services to the Settlement Class. The Court hereby approves the payment of settlement administration costs in the amount of $10,000.00 to CPT Group, Inc., the Claims Administrator, for services rendered in this matter. The Court hereby approves the payment of the PAGA Penalty to the CLWDA in the amount of $3,750.00. The Court also approves the Incentive Payment to the Class Representative in the amount of $5,000.00. The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

13. The Court directs the Claims Administrator to pay to Class Counsel the amount of $175,000 for attorneys' fees and the amount of $15,000 for costs in accordance with the terms of the Settlement Agreement.

14. This action is dismissed on the merits and with prejudice, permanently barring the Releasing Settlement Class Members from prosecuting any of the Released Claims.

DATED: August 11, 2014

Percy Anderson
UNITED STATES DISTRICT JUDGE